UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN THUET and MICHELLE BRUMFIELD, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> BOARD OF EDUCATION OF THE CITY OF ) <br> CHICAGO, JANICE JACKSON, in her official capacity ) <br> as Chief Executive Officer and in her individual ) <br> capacity, MICHAEL PASSMAN, in his official capacity ) <br> as Chief Communications Officer and in his individual ) <br> capacity, and LAURA LeMONE, in her official capacity ) <br> as Network Chief, District 14, and in her individual ) <br> capacity, ) <br> ) <br> Defendants. ) | 20 C 1369 <br><br> Judge Gary Feinerman |

**MEMORANDUM OPINION AND ORDER**

Trial is set for December 5, 2022, in this suit brought by John Thuet and Michelle Brumfield against the Chicago Board of Education and Board employees Dr. Janice Jackson, Michael Passman, and Laura LeMone. Doc. 174. The claims presently set for trial are Thuet's 42 U.S.C. § 1983 claim against all Defendants and Plaintiffs' intentional infliction of emotional distress ("IIED") claims against the Board. Docs. 166-167 (reported at 2022 WL 6122622 (N.D. Ill. Oct. 7, 2022)). Citing Sections 2-107 and 2-109 of the Illinois Tort Immunity Act, 745 ILCS 10/2-107, 2-109, the Board moves *in limine* to bar evidence concerning the IIED claims. Doc. 178. Because the Board did not plead Section 2-107 as an affirmative defense to the IIED claims, Doc. 40, the Board also moves for leave to amend its answer to add that defense, Doc. 177. The Board's motions are granted.

The court considers the merits of the Section 2-107 and 2-109 defenses before considering the procedural question of whether the Board should be given leave to amend its

1

answer to add the Section 2-107 defense. As an initial matter, Plaintiffs contend that the Board's motion *in limine*, which on its face seeks to bar evidence concerning the IIED claims, is improper because it is effectively a successive summary judgment motion under Civil Rule 56. Doc. 192 at 3 n.2. Plaintiffs fairly and accurately characterize the motion *in limine*, which in purpose and effect seeks judgment on the IIED claims. But the court will consider and resolve the motion; the Board could simply reassert under Rule 50(a), after Plaintiffs rest, the arguments set forth in the present motion, and it would serve no purpose to commence trial on claims that cannot succeed as a matter of law. *Cf. Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995) (affirming a district court's consideration of a successive summary judgment motion presenting a new and more convincing legal argument).

To evaluate the merits of the Board's defenses under Sections 2-107 and 2-109, it is useful to begin with the court's summary judgment ruling on Plaintiffs' IIED claims against the individual defendants. At issue there was Section 2-210 of the Tort Immunity Act, 745 ILCS 10/2-210, which provides in relevant part that "[a] public employee acting in the scope of his employment is not liable for an injury caused by … the provision of information either orally, in writing, by computer or any other electronic transmission, or in a book or other form of library material." *Ibid*. For reasons set forth at some length in the opinion, the court held that Section 2-210's immunity for "the provision of information" shielded Dr. Jackson, LeMone, and Passman from liability on Plaintiffs' IIED claims because the factual basis of those claims were the allegedly tortious statements that allegedly caused Plaintiffs to suffer emotional distress. 2022 WL 6122622, at *10-12.

The Board's Section 2-109 defense plays off the individual defendants' immunity under Section 2-210.* Section 2-109 states: "A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109. "This language is both unambiguous and categorical. It states that if the employee is not liable for his act—regardless of *why* the employee is not liable—then the local public entity is not liable." *Smith v. Waukegan Park Dist.*, 869 N.E.2d 1093, 1096 (Ill. App. 2007) (emphasis added). Immunity for the Board under Section 2-109 necessarily follows from the immunity of Dr. Jackson, LeMone, and Passman under Section 2-210. *See Arteman v. Clinton Cmty. Unit Sch. Dist. No. 15*, 763 N.E.2d 756, 762-64 (Ill. 2002) (holding that a school district enjoyed immunity under Section 2-109 given that the district's employees enjoyed immunity under Section 2-201 of the Tort Immunity Act); *Albert v. Bd. of Educ. of Chi.*, 24 N.E.3d 28, 40 (Ill. App. 2014) ("[T]hrough section 2-109 of the Tort Immunity Act, a public entity is afforded the individual immunities of its employees and 'may assert any immunity granted an employee to preclude its own liability.'") (quoting *Melbourne Corp. v. City of Chicago*, 394 N.E.2d 1291, 1298 (Ill. App. 1979)).

Plaintiffs do not dispute that Section 2-109 immunizes a local public entity for the acts of employees who are themselves immune under the Tort Immunity Act. Plaintiffs instead argue that the Board might be liable based on the acts of Board employees who are not named as defendants in this case and who might not enjoy immunity under the Act. Plaintiffs are correct

---

* The Board pleaded Section 2-109 as an affirmative defense, Doc. 40 at p. 20, ¶ 4, but did not raise the statute in its motion to dismiss or summary judgment motion. But as Plaintiffs conceded at the final pretrial conference, Doc. 214, a defendant may assert an affirmative defense pleaded in an answer even if it did not raise the defense at the motion to dismiss or summary judgment stages.

that "it is sufficient for recovery against a public entity to prove that an identified employee would be liable even though that employee is not named a defendant in the action." *Gordon v. Degelmann*, 29 F.3d 295, 299 (7th Cir. 1994) (quoting *McCottrell v. City of Chicago*, 481 N.E.2d 1058, 1060 (Ill. App. 1985)). In principle, then, the Board could be liable for the acts of non-defendant Board employees who do not themselves enjoy immunity under the Act. *See Williams v. Rodriguez*, 509 F.3d 392, 405 (7th Cir. 2007) (holding that a city could be liable for the acts of a police officer who was no longer a named defendant).

The problem for Plaintiffs, however, is that any non-defendant Board employee involved in the events giving rise to their IIED claims would enjoy the same Section 2-210 immunity that Dr. Jackson, LeMone, and Passman enjoy. Plaintiffs' summary judgment briefing, Doc. 135 at 20, and their response to the present motion *in limine*, Doc. 192 at 5, make clear that their IIED claims are predicated solely on allegedly defamatory statements. Any Board employee who made an allegedly false statement about Plaintiffs would, for the reasons explained in the summary judgment opinion, enjoy immunity under Section 2-210. And because Section 2-210 would immunize any non-defendant Board employee from liability for Plaintiffs' IIED claims, Section 2-109 means that the Board cannot be liable for the IIED claims either. *See Arteman*, 763 N.E.2d at 762-64; *Albert*, 24 N.E.3d at 40. In sum, Plaintiffs cannot prevail on their IIED claims, and those claims will not proceed to trial.

While the analysis could end there, the court will also consider the Board's Section 2-107 defense. Section 2-107 provides a "provision of information" immunity to municipal entities akin to the immunity that Section 2-210 provides to individuals: "A local public entity is not liable for injury caused by any action of its employees that is libelous or slanderous or for the provision of information either orally, in writing, by computer or any other electronic

transmission, or in a book or other form of library material." 745 ILCS 10/2-107. In the Board's view, Section 2-107 immunizes it from Plaintiffs' IIED claims in the same manner that Section 2-210 does for Board employees. Doc. 178 at 2; Doc. 197 at 4-7.

Plaintiffs do not respond to the Board's Section 2-107 argument on the merits, thereby implicitly and correctly conceding that the statute grants the immunity the Board seeks. As explained in the court's summary judgment opinion, Section 2-210's "provision of information" immunity shields Board employees from liability for the allegedly false statements about Plaintiffs. 2022 WL 6122622, at *11. Section 2-107, which immunizes local public entities for "the provision of information," 745 ILCS 10/2-107, has the same effect with respect to the Board. *See Wright-Young v. Chi. State Univ.*, 153 N.E.3d 185, 201 (Ill. App. 2019) (interpreting "provision of information" in Sections 2-107 and 2-210 in the same manner).

Plaintiffs instead respond that the Board waived Section 2-107 as an affirmative defense by failing to plead it in its answer and by failing to raise the defense against their IIED claims at the motion to dismiss or summary judgment stages. Doc. 192 at 3-6. The Board did raise Section 2-107 in its pre-answer motion to dismiss, but only against Plaintiffs' defamation claims. Doc. 20 at 16-17. Plaintiffs then conceded that Section 2-107 barred the defamation claims against the Board. Doc. 23 at 19 n.1. But, until now, the Board has not raised Section 2-107 as a defense to the IIED claims against it.

Rule 8(c)(1) requires a defendant to plead its affirmative defenses in its answer. *See* Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense."). Under Rule 15(a), a district court has discretion to permit a defendant to amend its answer to add an affirmative defense not previously pleaded. *See* Fed. R. Civ. P. 15(a)(2) (providing that a party who cannot amend as a matter of course may do so "only with

5

the opposing party's written consent or the court's leave"); *Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005) ("[T]he district court has the discretion to allow an answer to be amended to assert an affirmative defense not raised initially."). Amendment is generally permitted "absent undue surprise or prejudice to the plaintiff." *Jackson v. Rockford Hous. Auth.*, 213 F.3d 389, 393 (7th Cir. 2000); *see also Garofalo v. Vill. of Hazel Crest*, 754 F.3d 428, 436 (7th Cir. 2014) ("We will generally find that the failure to plead an affirmative defense in the answer works a forfeiture only if the plaintiff is harmed by the defendant's delay in asserting it.") (internal quotation marks and alteration omitted).

As the reason for its delay, the Board contends that it was not aware that Section 2-107 provided a complete defense to the IIED claims until the court's ruling granting summary judgment to the individual defendants on those claims. Doc. 177 at 2; Doc. 197 at 5. Granted, Plaintiffs' summary judgment briefing made clear that the IIED claims rest solely on the same facts as the defamation claims, Doc. 135 at 20, while the complaint had grounded the IIED claims, at least in part, on "acts and conduct" more generally, Doc. 1 at ¶¶ 62-67. But the Board's excuse is not convincing: The individual defendants successfully raised Section 2-210's "provision of information" immunity against the IIED claims in their summary judgment motion, Doc. 110 at 15, and the Board does not explain why it could not have earlier raised the parallel immunity in Section 2-107 to defend against those same claims.

Notwithstanding the Board's failure to adequately explain its delay, its late invocation of Section 2-107 has not caused undue surprise or prejudice to Plaintiffs. Plaintiffs do not contend that discovery would have proceeded differently had the Board raised Section 2-107 earlier in the case. Indeed, Defendants pleaded Section 2-210 as a defense, Doc. 40 at 21, ¶ 7, thereby putting a functionally equivalent "provision of information" defense on the table in the early stages of

6

the litigation. The Board also raised Section 2-107 against Plaintiffs' defamation claims in its motion to dismiss, Doc. 20 at 16-17, and Plaintiffs cannot now fairly argue that the defense is wholly unexpected for IIED claims that, as noted above, rely on the same facts as the defamation claims. And although the Board raised Section 2-107 after summary judgment, Plaintiffs received an opportunity to respond to the defense on the merits. Docs. 187, 197. Because the Board's late invocation of Section 2-107 caused Plaintiffs no undue surprise or prejudice, leave to amend is warranted. *See Garofalo*, 754 F.3d at 436-37 (holding that leave to add an affirmative defense raised for the first time in a summary judgment motion was appropriate where the plaintiff was on notice of the relevance of the defense and received an opportunity to respond); *Williams*, 399 F.3d at 871 ("[W]here the plaintiff has an opportunity to respond to a late affirmative defense, he cannot establish prejudice merely by showing that the case has progressed significantly since the defendants answered his complaint."); *Robinson v. Sappington*, 351 F.3d 317, 333 (7th Cir. 2003) (holding that leave to amend to add affirmative defenses was proper where the factual grounds for the defenses were the subject of discovery and the plaintiff had an opportunity to respond to the defenses in her summary judgment opposition).

True enough, requiring a plaintiff to formulate a response to a new defense at a late stage may itself work prejudice in some cases. In *Reed v. Columbia St. Mary's Hospital*, 915 F.3d 473, 483 (7th Cir. 2019), the Seventh Circuit reversed a district court ruling permitting a defendant to raise a new affirmative defense in its summary judgment motion, holding that the plaintiff was prejudiced because she had no notice prior to summary judgment that she would need to respond to the defense. Key distinctions make *Reed* inapposite here. The late affirmative defense in *Reed* was both legally and factually complex, and it turned on facts largely in the defendant's control—facts on which the plaintiff presumably had not sought discovery

given that the defense had not been previously raised. *Id*. at 482. Here, by contrast, the application of Section 2-107 is not legally complex and does not turn on facts that Plaintiffs did not pursue in discovery, let alone facts under the Board's control; rather, it turns on statements that allegedly caused Plaintiffs to suffer emotional distress, statements that were fully ventilated during discovery given their pertinence to the elements of the IIED claims and to the individual defendants' Section 2-210 defense. The late defense in *Reed* also came out of the blue at the summary judgment stage, *ibid*., while here the Board raised Section 2-107 against Plaintiffs' defamation claims earlier in the litigation, giving rise to the possibility that Section 2-107 might likewise preclude IIED claims resting on the same facts.

\* \* \*

The Board's motion to amend its affirmative defenses is granted, as is its motion *in limine* to exclude evidence concerning the IIED claims. Plaintiffs cannot prevail on their IIED claims, and the Board is awarded judgment on those claims. This case will proceed to trial only on Thuet's § 1983 claim against all Defendants.

November 16, 2022

_____
United States District Judge