UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN THUET, | ) | |
| | ) | |
| Plaintiff, | ) | 20 C 1369 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, JANICE JACKSON, in her official capacity as Chief Executive Officer and in her individual capacity, MICHAEL PASSMAN, in his official capacity as Chief Communications Officer and in his individual capacity, and LAURA LeMONE, in her official capacity as Network Chief, District 14, and in her individual capacity, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

For the reasons and to the extent set forth below, Defendants' motion *in limine* No. 19 [182] is granted in part and denied in part, and Defendants' motion *in limine* No. 20 [183] is denied.

**STATEMENT**

Trial is set for December 5, 2022, in this suit brought by John Thuet against the Chicago Board of Education and Board employees Dr. Janice Jackson, Michael Passman, and Laura LeMone. Doc. 174. The sole claim to be tried is Thuet's 42 U.S.C. § 1983 claim for violation of his occupational liberty interest caused by allegedly defamatory statements made by Defendants in connection with his termination as principal of Lincoln Park High School. Docs. 166-167 (reported at 2022 WL 6122622 (N.D. Ill. Oct. 7, 2022)); Docs. 229-230 (reported at 2022 WL 16961443 (N.D. Ill. Nov. 16, 2022)). Before the court are Defendants' motions *in limine* Nos. 19 and 20. Docs. 182-183.

As a threshold matter, Thuet contends that the motions should be denied as untimely. Doc. 192 at 6. The court set a motion *in limine* deadline of September 27, 2022, Doc. 154, and Defendants filed fourteen motions *in limine*, Docs. 156-161, by that date. Nearly four weeks later, on October 21, Defendants filed six more motions *in limine*, Docs. 178-183, including the two at issue here.

The court declines to deny the motions as untimely. After the parties' first round of motions *in limine*, the court pushed back the trial date from November 7 to December 5. Doc. 174. Given the postponement of the trial date, Thuet has had ample time to respond to, and

1

thus has not been unduly prejudiced by, the late motions. Moreover, at least some of the issues raised in the motions—in particular, Defendants' motion to bar testimony from three Local School Council ("LSC") members, Doc. 201 at 1-2—appear to have grown out of the parties' discussions in preparing the proposed pretrial order, discussions that remained ongoing as the motion *in limine* deadline passed, Doc. 150.

MIL No. 19. Defendants move to bar all testimony from LSC councilmembers John Moser, Gary Rovner, and Amy Zemnick, contending that Thuet failed to disclose them under Civil Rule 26(a)(1). Doc. 182 at 1-2. Thuet responds that disclosure was not required under Rule 26(a)(1) because the councilmembers and the topics on which they may testify have become otherwise known to Defendants through discovery. Doc. 192 at 7. Thuet's opposition brief submits that the councilmembers may testify on the following topics: (1) the February 3, 2020, parent meeting; (2) the councilmembers' experiences with Thuet as interim principal; and (3) Thuet's reputation both before and after his termination from Lincoln Park High School. *Id*. at 9 n.5. At the final pretrial conference, Doc. 214, Thuet suggested that the councilmembers may also testify to (4) Thuet's attempts to gain new employment after his termination.

The court agrees that discovery put Defendants on notice that Zemnick was a potential witness. In her deposition, LeMone identified Zemnick as an attendee of the February 3 parent meeting and, in fact, one who wanted to speak at the meeting. Doc. 221 at 3; Doc. 221-2 at 5 (240:1-4); Doc. 221-3 at 6. A *Chicago Sun-Times* article, which Thuet attached to the complaint, quoted Zemnick as saying (in reference to the state of the high school) that Thuet "walked into a situation that was a mess, and [he was] trying to clean it up." Doc. 1-1 at 4. And at her deposition, Board employee LaTanya McDade explained that Zemnick had, in discussions regarding Thuet, expressed her longstanding concerns for the climate at the high school and her distaste for the principal who preceded Thuet. Doc. 221 at 4; Doc. 221-5 at 2-3, 5 (123:2-124:24, 139:20-23).

Those materials made clear that Zemnick was a potential witness as to topics (1) and (2) because they show that she attended the February 3 parent meeting and was familiar with Thuet's performance in what she saw as a troubled school environment. Zemnick accordingly may testify on those topics. *See* Fed. R. Civ. P. 26(e)(1)(A) (providing that a party must update his Rule 26(a)(1) disclosures unless "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing"); *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 732-33 (7th Cir. 2004) (holding that the defendants did not need to supplement their Rule 26(a)(1) disclosures to identify a witness where the identity of that witness had become apparent through another person's deposition testimony).

Zemnick cannot testify as to topics (3) or (4), however, because discovery did not indicate that she was a potential witness to Thuet's reputation generally or his post-termination attempts to secure employment. That said, topics (2) and (3) may overlap insofar as Zemnick's experience working with Thuet concerns his professional reputation during his tenure at Lincoln Park High School. To that extent, Zemnick may testify to Thuet's reputation.

As for Moser and Rovner, discovery did not provide notice that they were potential witnesses. In an interrogatory response, Thuet identified as potential witnesses "[v]arious Parents of Students at Lincoln Park High School and/or Members of the Local School Council."

Doc. 192 at 7; Doc. 130-41 at 10. The response continued that "[c]ertain parents, whose identities are currently unknown, have information related to Defendants' statements made about [Thuet] during a February 3, 2020 Lincoln Park High School Parent Meeting." Doc. 192 at 7; Doc. 130-41 at 10. While the response mentions a specific topic (the February 3 parent meeting), it does not specify who on the LSC was in attendance. The response therefore does not provide notice that any councilmember in particular was a witness to the meeting.

Thuet cites several communications between the Board and Moser, Rovner, or the LSC generally. LeMone, as the Board's Network Chief, regularly communicated with Rovner and Moser in the course of her work. Doc. 221 at 2. LeMone also identified Rovner as someone she spoke with during a confidential February 11 meeting regarding Thuet. *Id*. at 3. And Thuet cites deposition testimony from Passman and several public messages from the LSC indicating that the LSC in general questioned the Board's termination of Thuet. *Id*. at 4-8. Those materials, however, did not provide notice as to any of the four topics set forth above. That Moser or Rovner may have worked with LeMone or questioned Thuet's termination does not indicate that either could speak to, for example, the February 3 parent meeting or Thuet's reputation. Moreover, the LSC's public messaging questioning Thuet's termination came from the LSC generally, not Moser or Rovner in particular.

In sum, the motion *in limine* is granted as to Moser and Rovner, and it is granted as to Zemnick with respect to topics (3) and (4) to the extent explained above. The motion is denied as to Zemnick with respect to topics (1) and (2).

MIL No. 20. Defendants move to bar Thuet from seeking punitive damages on his § 1983 claim. In the complaint, Thuet specifically requested punitive damages for his state law defamation claim, Doc. 1 at ¶ 61, but not for his § 1983 claim, *id*. at ¶ 52. Defendants contend that Thuet's failure to include a prayer for punitive damages for the § 1983 claim precludes him from seeking such damages on that claim and that, in any event, the evidence is insufficient to sustain a punitive damages award. Doc. 183 at 1-2.

To recover punitive damages, a plaintiff need not specifically request them in the complaint. Rather, it is enough that the facts alleged in the complaint are sufficient to support a punitive damages award. *See Scutieri v. Paige*, 808 F.2d 785, 792 (11th Cir. 1987) ("If the complaint alleges conduct that would support a claim for punitive damages, and if evidence is presented creating a jury question on such relief, the judge commits reversible error in not instructing the jury on that issue."); *United States v. Autumn Ridge Condo. Ass'n, Inc.*, 265 F.R.D. 323, 326 (N.D. Ind. 2009) ("[A] plaintiff may recover punitive damages, even where it fails to specifically request the damages, if sufficient facts supporting such an award are alleged in the complaint."); *Newell v. Wis. Teamsters Joint Council No. 39*, 2007 WL 2874938, at *4 (E.D. Wis. Sept. 28, 2007) (similar).

The question, then, is whether the complaint's allegations, taken as true, are sufficient to sustain a punitive damages award. They are. "Punitive damages are available in § 1983 cases only upon a showing of 'evil motive or intent, or … reckless or callous indifference to the federally protected rights of others.'" *Kyle v. Patterson*, 196 F.3d 695, 697-98 (7th Cir. 1999) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)) (alteration in original). The complaint alleges that Defendants knew the public statements underlying Thuet's § 1983 claim were false when

they made them, Doc. 1 at ¶ 1, and that he was given no chance to meaningfully defend himself before those statements were made or before he was terminated, *id*. at ¶¶ 1, 28-29, 41. Those allegations, taken as true, are sufficient to sustain a punitive damages award. *See Perry v. Larson*, 794 F.2d 279, 286 (7th Cir. 1986) (holding that the evidence was sufficient to support punitive damages where a sheriff punished his deputy without a hearing as retaliation for running against him in the sheriff's election).

       Defendants respond that a plaintiff's failure to specifically plead a punitive damages request can prejudice a defendant who would have pursued additional discovery to defend against such damages had she earlier been on notice of the plaintiff's intention to pursue them. Doc. 202 at 2-3. True enough, some authority suggests that a failure to specifically plead a punitive damages request may prejudice a defendant who forewent discovery pertinent to punitive damages. *See Repking v. McKennedy*, 2014 WL 1797686, at *2 (C.D. Ill. May 6, 2014). But even applying that line of authority here, Defendants have not been prejudiced; they identify no untaken discovery that would aid their defense to Thuet's punitive damages request. Indeed, Thuet's defamation claim—for which there was a punitive damages request and which concerned the same allegedly defamatory statements as the § 1983 claim—remained live through discovery.

       The motion *in limine* is therefore denied. The denial is without prejudice to Defendants renewing their argument at trial that the evidence cannot sustain a punitive damages award.

November 21, 2022

                                                                   United States District Judge